510 F.2d 966
 88 L.R.R.M. (BNA) 2608, 76 Lab.Cas. P 10,621
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stone & Webster Engineering Corporation, Petitioner
v.
National Labor Relations Board, Respondent.
 No. 74-1433.
 United States Court of Appeals, Fourth Circuit.
 Jan. 28, 1975.
 
 1
 Before HAYNSWORTH, Chief Judge, WIDENER, Circuit Judge, and THOMSEN, Senior District Judge.
 
 PER CURIAM
 
 2
 The employer asks this Court to review and set aside a decision and order of the National Labor Relations Board. 209 NLRB No. 119. The Board has cross-applied for enforcement.
 
 
 3
 We find substantial evidence in the record to support the Board's finding that the employer violated Section 8(a)(1) of the Act. The employer claims that the administrative law judge did not permit it to introduce certain material evidence. It appears, however, that the employer's attorney was finally able to get into the record evidence which he had been struggling to introduce, and we conclude that the rulings of the administrative law judge do not warrant setting aside the decision.
 
 
 4
 More serious is the employer's charge that the administrative law judge did not afford it a fair hearing. We do not question the statement of the Board in the footnote to its decision and order, that "[a]n Administrative Law Judge is under a duty to question witnesses to ascertain their credibility and clarify their testimony where he deems it necessary, and whether certain lines of inquiry or the response of witnesses are curtailed lies within the sound discretion of the Administrative Law Judge."[1]
 
 
 5
 But an administrative law judge, like other judges, should conduct himself in a manner that promotes public confidence in the impartiality of the judiciary. Code of Judicial Conduct, Canon 2. The judge who presided at the hearing in this case approached closely the limits of permissible conduct. This is not the first time we have had occasion to call attention to unwarranted interference with the systematic and orderly presentation of evidence.[2] It should be the last.
 
 
 6
 Enforcement granted.
 
 
 
 [1]
 See the Board's Rules and Regulations, Series 8 (29 C.F.R.) Sec. 102-35(f)(K)(1) and (M), cited by the Board in its brief
 
 
 [2]
 Tele-Trip Company v. NLRB, [51 LC p 19,475] 340 F.2d 575, 581 (4th Cir.1965)